# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

CAUSE NUMBER_____

DOREATHA WALKER,             Trial By Jury Demand

§ Plaintiff,

v

HARMONY PUBLIC SCHOOLS, aka, COSMOS FOUNDATION,

Defendant

United States Courts
Southern District of Texas
**FILED**

NOV 13 2020

David J. Bradley, Clerk of Court

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Plaintiff DOREATHA WALKER, pro-se,

files this Complaint under 42 U.S.C. § 2000e and 42 U.S.C. §1981 and states:

## I.  INTRODUCTION

1. Plaintiff files this Complaint and complains of discrimination on the basis of race under 42 U.S.C. § 2000e and 42 U.S.C. §1981, and in retaliation for her complaints of discrimination on the basis of race under 42 U.S.C. § 2000e and 42 U.S.C. §1981, and discrimination on the basis of disability and in retaliation for requesting a reasonable accommodation for her disability, under 42 U.S.C. § 12101, et seq. Discovery will be conducted under Level 3.

2. This action seeks compensatory and punitive damages, emotional distress and mental anguish damages, and attorney's fees.

1

## II. PARTIES

3. Plaintiff, Doreatha Walker, is a resident of Houston, Texas.

4. Defendant, Harmony Public Schools, aka Cosmos Foundation is a charter school authorized to do business in the State of Texas, and service is authorized on its registered agent: Fatih Ay, located at 9321 Sam Houston Parkway South, Houston, TX 77099.

## III. VENUE

5. Venue is appropriate in the United States District Court for the Southern District of Texas in that the Defendant does business in this District, as required under 28 U.S.C. §1391, Plaintiff resides in this District, and all of the events that led up to this Complaint all occurred in this District.

## IV. JURISDICTION

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as it involves federal question jurisdiction.

7. The unlawful employment practices were committed within the jurisdiction of this Court.

## V. PROCEDURAL REQUISITES

8. All conditions precedent to the filing of this action have been met by Plaintiff. Plaintiff filed her Charge of Discrimination with the EEOC and the Texas Workforce Commission on April 15, 2019. She received a Notice of Right to Sue letter from the

EEOC on or about August 22, 2020, and she has filed this lawsuit no more than 90 days after receiving the Notice of Right to Sue letter. This lawsuit has been filed within the statute of limitations as required under 42 U.S.C. §1981.

## VI. FACTS

9. Plaintiff, who is an African-American person, worked as a teacher for Defendant Harmony Public Schools from August 6, 2018 through her termination on April 12, 2019.

10. During Plaintiff's time working for Defendant, she began to be bullied and harassed by some of her co-workers. When she filed a grievance with Defendant on February 7, 2019, she was placed on paid administrative leave while the co-workers, who were Caucasian and Hispanic, were not placed on administrative leave during the pending investigation, even though they were the alleged perpetrators.

11. Later in February, Plaintiff filed another grievance, this time against the Principal, Ms. Morales for several violations of Texas law.

12. After Plaintiff filed her grievances, she asked Ms. Morales to be allowed to produce a parade to celebrate and educate students about Black History Month. She also offered as an alternative to hang posters to educate about and celebrate Black History Month.

13. In response, Ms. Morales ordered Plaintiff to attend an impromptu meeting with many other teachers about whom she had filed her grievance, to discuss Ms. Walker's ideas for Black History Month. Plaintiff was humiliated and embarrassed when Ms. Morales sent several different people to Plaintiff's classroom demanding that Plaintiff come to Ms. Morales's office immediately while in the presence of her students. When Plaintiff went to the meeting, she was embarrassed and humiliated by Ms. Morales because Morales interrogated Plaintiff in a hostile way that implied that Plaintiff had done something wrong in trying to plan a celebration and

3

education for Black History Month. Ms. Morales continued to ask Plaintiff in a hostile manner, why she had done the research on Black History Month and shared it with other teachers.

14. Ms. Morales refused to allow any celebration of or education on Black History Month in the school claiming that there was no time because of testing that was going on.
However, Plaintiff had planned everything out to take only 15 to 20 minutes, and she had provided dialogue for students of all races to read during the parade. If all the school did was to put up posters to educate students about Black History Month, it would not have taken any time away from the students' testing schedules. However Ms. Morales refused to allow even this modest observation of Black History Month. However, during Hispanic Heritage Month, Ms. Morales had planned and permitted a major celebration at the school.

15. So, on February 27, 2019, Plaintiff submitted an email to Ms. Morales and to Ramazan Coskuner, the Area Superintendent of Harmony Public Schools, adding discrimination by Ms. Morales to her grievances.

16. In a tit-for-tat move of race discrimination and retaliation, after Plaintiff filed her grievances, the principal and several of the teachers about whom Plaintiff had complained filed grievances against Plaintiff in retaliation for her filing grievances about them.

17. On March 25, 2019, Plaintiff was once again placed on administrative leave so that these retaliatory grievances could be investigated. She never knew who filed the grievances.

18. Plaintiff was extremely anxious, distressed, and depressed about the situation at work for the Defendant with the bullying, discrimination, and retaliation to which she was subjected.

19. On April 4, 2019, Plaintiff visited a doctor to discuss her symptoms, and the doctor completed a medical certification stating that Plaintiff needed to be excused from work

for six weeks as an accommodation to her disabilities, which Plaintiff submitted to Defendant as part of her request for leave.

20. On April 12, 2019, Defendant terminated Plaintiff's employment.

21. During her employment, Plaintiff was subjected to discrimination based on her race, and her employment was terminated in retaliation for her complaints of discrimination, and in retaliation for her request for short-term leave to accommodate her disabilities.

## VII. COUNT I: RACE DISCRIMINATION UNDER 42 U.S.C. §1981

22. Plaintiff incorporates the allegations made in Paragraphs 1 through 22 herein.

23. Title 42 U.S.C. §1981, inter alia, protects at-will employees from employment discrimination on the basis of race because at-will employment in Texas is a form of contract. Fadeyi v. Planned Parenthood Ass'n, 160 F.3d 1048 (5th Cir. 1998). Defendant offered to pay Plaintiff for her work, and Plaintiff accepted that offer and began performing the work. Thus, the parties entered into a contractual arrangement covered by 42 U.S.C. §1981.

24. Defendant, by and through its agents and employees, particularly Nora Morales and her supervisors, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

25. Plaintiff was subjected to a hostile work environment by her co-workers and Ms. Morales because of her race.

26. If Plaintiff had not been a black person, she would not have been subjected to a hostile work environment.

27. Plaintiff's employment was terminated because of her race.

28. Had Plaintiff not been a black person, Defendant would not have terminated Plaintiff's employment.

29. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

30. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

31. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff at least look for an attorney to represent her in these proceedings even though she can't afford one at this time. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees if applicable.

## VIII. COUNT II: RETALIATION FOR COMPLAINTS OF DISCRIMINATION UNDER 42 U.S.C §1981

32. Plaintiff incorporates the allegations made in Paragraphs 1 through 22 herein.

33. Title 42 U.S.C. §1981, inter alia, protects employees from adverse employment actions in retaliation for complaining about racial discrimination.

34. Defendant, by and through its agents and employees, particularly Nora Morales and her supervisors, engaged in the aforementioned practices, policies, customs, and usages

made unlawful by 42 U.S.C. §1981.

35. Plaintiff's employment was terminated in retaliation for her complaint of racial discrimination by Nora Morales.

36. Had Plaintiff not complained of racial discrimination by Nora Morales, Defendant would not have terminated Plaintiff's employment.

37. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and

attorneys' fees and costs.

38. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

39. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## IX. COUNT III: DISCRIMINATION BASED ON RACE UNDER 42 U.S.C. §2000e

40. Plaintiff incorporates the allegations made in Paragraphs 1 through 22 herein.

41. Title 42 U.S.C. §2000e, inter alia, protects employees from employment discrimination on the basis of race.

42. Defendant, by and through its agents and employees, particularly Nora Morales and her supervisors, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

43. Plaintiff was subjected to a hostile work environment because of her race.

44. Had Plaintiff not been a black person, Defendant would not have subjected her to a hostile work environment.

45. Plaintiff's employment was terminated because of her race.

46. Had Plaintiff not been a black person, Defendant would not have terminated Plaintiff's employment.

47. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

48. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

49. Plaintiff is requesting reasonable Attorney fees if applicable.

# X. COUNT IV: RETALIATION FOR COMPLAINTS OF DISCRIMINATION UNDER 42 U.S.C. §2000e

50. Plaintiff incorporates the allegations made in Paragraphs 1 through 22 herein

51. Title 42 U.S.C. §2000e, inter alia, protects employees from adverse employment actions in retaliation for complaining about racial discrimination.

52. Defendant, by and through its agents and employees, particularly Nora Morales and her supervisors, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

53. Plaintiff's employment was terminated in retaliation for her complaint of racial discrimination by Nora Morales.

54. Had Plaintiff not complained of racial discrimination by Nora Morales, Defendant would not have terminated Plaintiff's employment.

55. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees if needed and costs.

56. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

57. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff attempted to retain the services of an attorney to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees if applicable.

## XI.  COUNT V: DISCRIMINATION BASED ON DISABILITY UNDER 42 U.S.C. § 12101, et seq.

58. Plaintiff incorporates the allegations made in Paragraphs 1 through 22 herein.

59. The Americans with Disabilities Act as amended, 42 U.S.C. §121010 requires employers to provide reasonable accommodations to employees for their disabilities.

60. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §12101, et seq.

61. Defendant refused to provide a reasonable accommodation to Plaintiff for her disabilities, which was a leave of absence from April 1, 2019 through May 6, 2019.

62. Instead, Defendant terminated Plaintiff's employment.

63. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §12101, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

64. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress,

pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

65. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff attempt to retain the services of an attorney, to
represent her in these proceedings but was unsuccessful in doing so. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees if applicable.

COUNT VI: RETALIATION FOR REQUEST FOR REASONABLE ACCOMMODATION UNDER 42 U.S.C. §12101

66. Plaintiff incorporates the allegations made in Paragraphs 1 through 22 herein.

67. Title 42 U.S.C. §12101, inter alia, protects employees from adverse employment actions in retaliation for requesting a reasonable accommodation for a disability.

68. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §12101.

69. Plaintiff's employment was terminated in retaliation for her request for reasonable accommodation for her disabilities.

70. Had Plaintiff not requested a reasonable accommodation for her disabilities, Defendant would not have terminated Plaintiff's employment.

71. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §12101, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees if applicable and costs.

72. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

73. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff attempted to retain the services of an attorney.
represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees if applicable.

## JURY TRIAL DEMANDED

74. Plaintiff demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

(1) compensatory damages,
(2) punitive damages, and
(3) reasonable attorney fees if applicable from Defendant pursuant to 42 U.S.C. §1981, 42 U.S.C. §2000e, 42 U.S.C. §12101, and any other applicable authority (statute/law, etc.), to be proven at the time of trial for all compensatory damages, exemplary damages, and attorneys' fees if applicable and

(4) costs along with any other relief that this Court finds reasonable under the circumstances.

Respectfully submitted,

*Doreatha Walker*

Doreatha Walker, Pro Se
6806 Lost Thicket Dr.
Houston, Texas 77085
713 263-4699
tryjesustoo@yahoo.com